United States District Court
Southern District of Texas
**ENTERED**
May 18, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENISE GONYA FREEMAN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-00665 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

# OPINION AND ORDER

Plaintiff Denise Gonya Freeman ("Freeman") seeks judicial review of an administrative decision denying her applications for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Freeman and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner"). *See* Dkts. 18–19. After reviewing the briefing, the record, and the applicable law, Freeman's motion for summary judgment (Dkt. 18) is **DENIED**, and the Commissioner's motion for summary judgment (Dkt. 19) is **GRANTED**.

## BACKGROUND

On December 31, 2018, Freeman filed an application for Title II disability benefits, alleging disability beginning on September 14, 2018. Her applications were denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Freeman was not disabled. Freeman filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Freeman had not engaged in substantial gainful activity since September 14, 2018. *See* Dkt. 8-3 at 13.

The ALJ found at Step 2 that Freeman suffered from "the following severe impairments: Graves' disease, hyperthyroidism, flushing, urticaria, actinic keratosis, gastroesophageal reflux disease (GERD) and asthma." *Id.* at 14.

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments. *See id.*

Prior to consideration of Step 4, the ALJ determined Freeman's RFC as follows:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she is able to occasionally climb ladders, ropes, scaffolds, ramps or stairs. She is able to occasionally balance, stoop, kneel, crouch and crawl. She must avoid exposure to concentrated humidity or extreme heat and she must have no more than moderate noise exposure.

*Id.* at 15.

At Step 4, the ALJ found that Freeman is "unable to perform any past relevant work." *Id.* at 18. Nevertheless, the ALJ found that Freeman "has acquired work skills from past relevant work" and that those skills "are transferable to other occupations with jobs existing in significant numbers in the national economy." *Id.* Thus, according to the Medical-Vocational Guidelines, the ALJ found Freeman not disabled. *Id.* at 19.

## DISCUSSION

This social security appeal involves only one issue: whether the ALJ erred at Step 2 in ruling that Freeman's cervical degenerative disc disease was non-severe. Dkt. 18 at 7. I will assume, *arguendo*, that the ALJ did err in ruling that Freeman's cervical degenerative disc disease was non-severe. Even so, Freeman still has to carry her burden to show how that error "render[s] the ALJ's determination unsupported by substantial evidence" and prejudices her substantive rights. *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988); *see also Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."); *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) ("Prejudice and harmless error analysis, although different procedurally, are similar in substance. A claimant establishes prejudice by showing that adherence to the ruling might have led to a different decision. Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." (citations omitted)).

As noted, the ALJ found at Step 2 that Freeman suffered from a number of severe impairments: Graves' disease, hyperthyroidism, flushing, urticaria, actinic keratosis, GERD, and asthma. Freeman completely fails to explain why the ALJ's alleged failure to also characterize Freeman's cervical degenerative disc disease as severe makes a difference. Indeed, Freeman makes no argument whatsoever as to how adding a severe diagnosis would have changed the outcome of the ALJ's analysis. Nor could she. Indeed, the ALJ limited Freeman to sedentary work despite both State agency medical consultants finding that she could "occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk for a total of about 6 hours in an 8-hour workday, sit for total of about 6 hours in an 8-hour workday, [had an] unlimited ability to push/or pull . . . [and] could occasionally perform all postural limitations." Dkt. 19-1 at 7 (citations omitted).

There is nothing in the record to suggest that "merely adding an additional diagnosis" would have changed the outcome. *Id.* at 5. Thus, I find that any error committed by the ALJ was harmless and affirm the Commissioner's decision as supported by substantial evidence. *See Jones v. Astrue*, 821 F. Supp. 2d 842, 851 (N.D. Tex. 2011) (Even assuming the ALJ made an error at the Step 2 severity discussion, "there is no ground for reversal because the ALJ proceeded beyond step two in the sequential analysis in discussing all of Plaintiff's impairments.").

## CONCLUSION

For the reasons provided above, Freeman's motion for summary judgment (Dkt. 18) is **DENIED**, and the Commissioner's motion for summary judgment (Dkt. 19) is **GRANTED**. I will enter a final judgment separately

SIGNED this 18th day of May 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE